HACKER & MALONEY, plaintiffs in error, *vs.* GROOVER, STUBBS & COMPANY, defendants in error.

1. A trial was had in the city court of Savannah in July, 1872, at which certain exceptions were taken as a basis for an application for the writ of *certiorari*. On the 17th of the same month, the writ of *certiorari* was ordered to issue returnable to the January term, 1873, of the superior court. The city judge having made no return, on March 5th, 1875, the defendants obtained a *mandamus* requiring him to certify and send up the proceedings in said case, to which he answered that he could not comply with the order as the facts of the case had passed from his recollection, the trial having been had several years ago, and no statement of the facts having been filed or presented for his approval in accordance with the usual practice. Un-

der these cirumstances, on July 31st, 1875, plaintiffs moved to dismiss the *certiorari:*

*Held,* that this motion was properly overruled as the defendants had not been called upon by rule to show cause why their *certiorari* should not be dismissed.

2. When a party to a cause in the city court of Savannah excepts to any proceeding affecting the real merits of the case, he must file with such exception, a just and true statement of the facts relating thereto, and of all legal points arising therein, subject to the approval of the judge.

3. To order the case sent back to the city court for a new trial was error.

Practice in the Superior Court. *Certiorari.* New trial. City Court of Savannah. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1875.

Reported in the decision.

RUFUS E. LESTER, by brief, for plaintiffs in error.

HOWELL & DENMARK, for defendants.

WARNER, Chief Justice.

It appears from the record, that at the July term of the city court of Savannah, a case was tried in which Hacker & Maloney were plaintiffs, and Groover, Stubbs & Company were defendants, and that a verdict was rendered in favor of said plaintiffs against the defendants; that exceptions were taken thereto, and overruled by the court on the 17th of July, 1872; that on that day, the defendants applied to the judge of the superior court for a writ of *certiorari*, which was sanctioned and directed the city judge to certify and send up to the superior court the proceedings in said case, to the January term, 1873; that service of said writ was acknowledged by the city judge on the 22d of August, 1872, and notice thereof given to the plaintiffs' attorney. The city judge had made no return to the writ of *certiorari*, and on the 5th of March, 1875, the defendants obtained from the judge of the superior court a *mandamus* against the judge of the city court requiring him to certify and send up the proceedings in

said case, to which the judge of the city court answered that he could not comply with the order of the court, inasmuch as the facts of the case had gone out of his recollection, the case having been tried some years ago, and no statement of the facts having been filed or presented for approval according to the practice in the city court of Savannah, which answer was not traversed, nor any further proceedings taken upon the *mandamus*.    On the 31st of July, 1875, the plaintiffs' attorney made a motion to dismiss the *certiorari*, which the court overruled.    The defendants' attorney then made a motion that the case be sent back for a new trial in the city court, which motion the court granted, and ordered a new hearing of the case, and gave judgment against the plaintiffs for the costs in the superior court ; whereupon the plaintiffs excepted.

1.  There was no error in refusing to dismiss the *certiorari*. Before the plaintiffs were entitled to have had that motion granted, in view of the *special facts* of this case, they should have first obtained a rule calling upon the defendants to show cause why their *certiorari* should not be dismissed, upon reasonable notice thereof.

2.  When a party to a cause in the city court of Savannah takes exceptions to any proceedings in a suit in that court affecting the real merits of the same, as provided by the 4958th section of the Code, it is the duty of the party so filing such exceptions, to file at the same time a just and true statement of the facts relating thereto, as well as the legal points arising thereon, subject to the approval of the city judge, and such we understand from the answer of the city judge to have been the practice in that court.    The party excepting for the purpose of obtaining a *certiorari* failed to file any statement of facts at the time of filing the exceptions, and was therefore the party in default.

3.  We are not aware of any law which would have authorized the court to order a new trial in the case on the statement of facts contained in the record.    The object and purpose of the defendants in their application for a *certiorari* was to obtain a new trial, and by their own default they have ob-

tained one under the order of the court, without a hearing upon their *certiorari*.

Let the judgment of the court below be reversed.